IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>　　　Plaintiff,<br><br>v.<br><br>MIDWAY R&D GROUP LLC and R&D KH LLC d/b/a SHARKEY'S RESTAURANTS<br>　　　Defendants. | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**<u>ORIGINAL COMPLAINT</u>**

1.　　This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* to remedy a breach and compel specific performance of a Conciliation Agreement ("Agreement") entered into by the following parties: Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), Defendants, Midway R&D Group LLC and R&D KH LLC d/b/a Sharkey's Restaurants ("Sharkey's" "Defendant" or "Respondent"), and Charging Parties Danielle Doinoff and Natalie Thornton.  The action arises out of charges of employment discrimination filed by Doinoff and Thornton with the EEOC.

2.　　The written Agreement, signed by all parties, provided that Defendants would make monetary payments of: (a) Thirty-Six Thousand Dollars ($36,000.00) to Charging Party Doinoff; (b) Twenty-Four Thousand Dollars ($24,000.00) to Doinoff's attorney; (c) Twelve Thousand Six Hundred Dollars ($12,600.00) to Charging Party Thornton, (d) Eight Thousand Four Hundred Dollars ($8,400.00) to Thornton's attorney, as well as (e) payments to nine class members totaling

Twenty-Nine Thousand Dollars ($29,000.00). The Agreement further provided that Defendants were to perform additional non-monetary relief.

3. Under the terms of the Agreement, full payment of the settlement monies was to be made by April 13, 2015. Defendants have failed to make proper payments to the two Charging Parties and their attorney by the deadline.[1] To date, Defendants remain in breach of the Agreement. The EEOC requests the Court to enforce the terms of the Agreement and order Defendants to comply fully.

## JURISDICTION AND VENUE

4  Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

5. Venue is proper in this court because the contractual Agreement and its subsequent breach, as described below, occurred within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

6. The Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

---

[1] Plaintiff does not allege that Defendants have not made settlement payments to the Class Members as set forth in the Agreement. This Original Complaint centers solely on Defendants' failure to pay correctly and timely the Charging Parties and their attorney pursuant to the Agreement.

7.     Defendants have continuously been and are now doing business in the State of Texas and the City Houston, and have continuously had more than twenty employees. Defendants may be served by serving its registered agent for service of process, Lesley J. Mann, 800 Town & Country Blvd., Suite 210, Houston, Texas 77024.  At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce with the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.     All conditions precedent to the institution of this lawsuit have been fulfilled. More than thirty days prior to the institution of this lawsuit, Danielle Doinoff and Natalie Thornton filed charges of discrimination with the Commission alleging violations of Title VII (EEOC Nos 460-2012-01248 and 460-2012-01516, respectively). The Commission's representatives attempted to eliminate the unlawful employment practices alleged in the charges and effect voluntary compliance with Title VII through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).  The Commission's efforts in this regard resulted in the Conciliation Agreement at issue, executed by Defendants, the Charging Parties, and the Commission.

9.     In their charges of discrimination, both Doinoff and Thornton alleged that the General Manager at Sharkey's Waterfront Grill sexually harassed the two women. At the time of the alleged harassment, Doinoff and Thornton were ages 20 and 18, respectively.  In the course of the EEOC's investigation into the charges, the Commission uncovered nine other victims, some teenagers, of sexual harassment at the hands of the same General Manager.  Charging Party Doinoff further alleged retaliation, including retaliatory discharge, after she complained of the harassment to upper

management.

10. On March 24, 2015, the parties executed the Conciliation Agreement settling the claims raised by the Charging Parties as well as the class member allegations. The Agreement was signed by E.R. Sanford, II, Executive Vice President, on behalf of Defendants; the two Charging Parties; and the EEOC Houston District Office's Regional Attorney and Acting District Director on behalf of Plaintiff.

11. Section II.B of the Agreement states in relevant part:

> Respondents agree to pay the Charging Parties and the Class Members a monetary settlement totaling One Hundred Ten Thousand and 00/100 Dollars ($110,000.00) (the "Settlement Funds"). The Commission shall have the sole discretion to determine how to distribute the Settlement Funds. The Settlement Funds resolve the allegations raised in Commission Charge numbers 460-2012-01248 and 460-2012-01516. The qualified class members that are to receive settlement payments include but are not limited to certain female employees set forth in a side letter.

(See Exhibit A, Conciliation Agreement, dated 3/24/15.)

12. On February 25, 2015, almost a full month prior to executing the Agreement, the EEOC provided defense counsel the side letter referenced in section II.B of the Agreement. (See Declaration of Claudia Molina-Antanaitis ("Antanaitis Decl.") at ¶3; Exhibit B-1, Email from Claudia Molina-Antanaitis to Scott Lieberman of 2/25/15, attached to Antanaitis Decl.) This side letter identified each recipient of settlement funds by name and the specific dollar amount each was to receive. (Id.) The letter also made clear that each Charging Party was to be mailed a check directly and that two separate checks were to be issued to their attorney for specified amounts. (Id.)

13. Section II.C. of the Conciliation Agreement instructs Defendants to issue the settlement payments within twenty (20) days of the effective date of the Agreement, in other words, by April 13, 2015. (See Exhibit A.) Specifically, this section states:

> Within twenty (20) calendar days from the effective date of this Agreement, the **Respondents shall deliver** by U.S. mail, United Parcel Service, Federal Express, or a comparable delivery service, **checks, in amounts determined by the Commission, made out to the Charging Parties, the Charging Parties' attorney, and directly to each Class Member.** The gross amount of the settlement funds shall not exceed $110,000.00. The Commission shall, within ten (10) days from the effective date of this Agreement, inform the Respondents the gross amount each Charging Party and Class Member is to receive along with their corresponding mailing addresses.

(See id. (emphasis added)) The language of the Conciliation Agreement therefore makes clear that the Charging Parties, their attorney and the Class Members were each to receive directly from Respondent separate checks.

14. On April 15, 2015, upon learning that neither the Charging Parties nor the Class Members received their settlement payments, the Commission advised Defendant's counsel of the nonpayment and reminded Defendant of its obligations under the Agreement. (See Antanaitis Decl. at ¶¶5-6; Exhibit B-2, Email from Claudia Molina-Antanaitis to Scott Lieberman of 4/15/15, attached to Antanaitis Decl.) The Commission cautioned counsel that the payments were past due, and provided counsel once more the list of payment recipients and the amount each was to receive. (Id.)

15. Respondents failed to respond.

16. On April 21, 2015, the Commission once more admonished defense counsel of its clients' noncompliance and warned that the Commission would seek court enforcement if Defendants did not remit prompt payment. (See Antanaitis Decl. at ¶¶7-8; Exhibit B-3, Email from the Commission to Scott Lieberman, 4/21/15 attached to Antanaitis Decl.)

5

17. On or about April 30, 2015, Joel Cohen, counsel to the Charging Parties, informed the Commission that Defendants had failed to follow the language of the Conciliation Agreement in that Defendants issued checks in improper amounts to the Charging Parties and had neglected to issue the two checks owed to him. (See Antanaitis Decl. at ¶9.) Instead, the checks that the Charging Parties received were dated April 24, 2015 – eleven days past the payment deadline – and included the amounts that were supposed to be allocated in separate checks to their attorney, Joel Cohen.[2] (See Antanaitis Decl. ¶11; Exhibit B-4, a true and correct copy of the two checks issued to Doinoff and Thornton of 4/24/15, attached to Antanaitis Decl.)

18. On April 30, 2015, the EEOC informed defense counsel of the issuance error. Defense counsel assured the EEOC that new checks would be issued again promptly and correctly. (See Antanaitis Decl. at ¶¶10-13; see also Exhibit B-5, Email from Claudia Molina-Antanaitis to Scott Lieberman of 5/1/15, attached to Antanaitis Decl.) However, once more, defense counsel failed to respond. (See Antanaitis Decl. at ¶14.)

19. As of the date of the filing of this action, Defendants have not complied with the terms of the Conciliation Agreement and have not issued proper payment to the Charging Parties and their attorney. (See Antanaitis Decl. at ¶15.) Therefore, as Defendants are in breach of the Agreement, the Commission seeks immediate specific performance and enforcement of all its terms.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

---

[2] Charging Party Doinoff, received a check in the amount of $60,000. (Exhibit B-4.) Under the terms of the Agreement, Defendants should have issued her a check for $36,000 and her attorney a check for $24,000 (Exhibit B-1). Charging Party Thornton received a check in the amount of $21,000 (Exhibit B-4), yet under the terms of the Agreement, she should have received a check in the amount $12,600 and her attorney a check for $8,400 (Exhibit B-1).

20. Enter judgment ordering Defendants to perform all of their obligations under the terms stated in the Conciliation Agreement;

21. Order, as a part of the judgment, that Defendants make Charging Parties Doinoff and Thornton whole by ordering Defendants to pay Danielle Doinoff $36,000.00 and Charging Party Natalie Thornton $12,600 within three days of its entry;

22. Order, as a part of the judgment, that Defendants comply with the Conciliation Agreement and issue Charging Parties' attorney, Joel Cohen, two checks: one in the amount of $24,000 and another in the amount of $8,400;

23. Order, as a part of the judgment, that Defendants comply with all of the non-monetary terms included in the Conciliation Agreement;

24. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

25. Award the Commission its costs in this action; and

26. Grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

                /s/ Claudia Molina-Antanaitis
Claudia Molina-Antanaitis
Attorney-in-Charge
Bar No. (none – Maryland)
Southern Dist. of Texas No. 1037069
Equal Employment Opportunity Commission
1201 Louisiana Street, 6th Floor
Houston, Texas 77002
(713) 651-4952
(713) 651-7995 [facsimile]
claudia.molina@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002